# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00699-CV

---

**C. L., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-002157, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

The trial court held a bench trial and, at the conclusion, signed a final decree terminating C.L.'s parental rights to his three-year-old son, "Charlie."[1] The court found that C.L. had engaged in conduct or knowingly placed Charlie with persons who engaged in conduct that endangered his physical or emotional well-being and had failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the child. *See* Tex. Fam. Code § 161.001(b)(1)(E), (O). The court also found that termination of C.L.'s parental rights was in Charlie's best interest. *See id*. § 161.001(b)(2).

The Texas Department of Family and Protective Services sought custody of Charlie, who was about a year and one-half old at the time, after receiving multiple referrals

---

[1] We refer to appellant by his initials and to the child by an alias. *See* Tex. Fam. Code § 109.002(d); Tex. R. App. P. 9.8. The trial court also terminated the mother's parental rights, but she did not file a notice of appeal.

alleging domestic violence between C.L. and Charlie's mother, that the parents were using illegal substances around the child, and that the child was left unsupervised. C.L. was arrested after one fight in which the mother alleged that C.L. had strangled her until she blacked out. Several weeks later, the mother was also arrested for a probation violation, and the Department placed Charlie with his great-aunt.

While this case was pending, C.L. pled guilty to assaulting Charlie's mother, although at the hearing he denied having committed the offense and testified that he only pled guilty because he was "trying to get out to get to my son." C.L. had a history of arrests and convictions for possession of marijuana, unlawful carrying of a weapon, bail jumping, criminal mischief, and driving without a license and was on probation for possession of methamphetamines until 2025. During the pendency of the proceeding, C.L. tested positive for marijuana, methamphetamines, and cocaine—his last positive test was about two months before the final hearing—and missed numerous other drug tests. Although C.L. asserted that he had difficulty finding transportation or service providers, the evidence was undisputed that he missed multiple counseling, drug-treatment, and batterer-intervention appointments, resulting in his unsuccessful discharge from those programs, and was unemployed at the time of the hearing.

Charlie's great-aunt testified that Charlie was thriving in her care, that the night terrors he was having when he first came to her had abated, and that she could provide him with a stable, loving home. She hoped to adopt him and had taken the classes necessary for that to occur. A Department caseworker testified that Charlie had stopped hitting and biting at day care and was doing well in his great-aunt's care. He testified that although C.L. loves his son and that his visitations with Charlie had been "wonderful," the Department was seeking termination because C.L. had continued using drugs throughout the proceeding, risking arrest each time, and

2

had not followed through with his court-ordered obligations or shown he could provide the stability Charlie needed. The caseworker said, "He made a couple steps towards showing the department that, you know, he was trying. But as far as [C.L.] completing anything and seeing things through, he hasn't."

C.L.'s court-appointed appellate counsel has filed a brief discussing the record, the elements that the Texas Department of Family and Protective Services was required to prove, and the standard of review and concluding that C.L. has no arguable grounds for appeal and that his appeal is wholly frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967); *High v. State*, 573 S.W.2d 807, 811 (Tex. Crim. App. 1978); *see also Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646-47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel, who has stated that he will file a motion to withdraw once C.L.'s appellate remedies have been exhausted, *see In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016), has certified to this Court that he provided C.L. a copy of the brief, along with a notice advising him of his right to examine the appellate record and to file a pro se brief.[2] No pro se brief has been filed.

We have thoroughly reviewed the record and counsel's brief, and we agree with counsel's assessment that the appeal is frivolous and without merit. We therefore affirm the trial court's final decree of termination.

---

[2] A letter sent by this Court to C.L. was returned as refused and unable to forward, and C.L. has not contacted the Court to provide an address or other contact information. However, counsel has provided this Court with proof that the brief and counsel's letter explaining how and when to file a pro se brief was delivered to C.L. at the Travis County Correctional Complex.

_____

Jeff Rose, Chief Justice

Before Chief Justice Rose, Justices Triana and Smith

Affirmed

Filed:   February 12, 2020